# Yingst, Appellant, *v.* Harrisburg.

*Sewers—Contract—Estoppel.*

Where a city pays a landowner a sum of money as a consideration for permission to build a sewer through his land, and the owner examines or has access to the maps, plans and profiles, and stands by while a manhole is being constructed on his premises and makes no objection thereto, and it appears that the manhole was an essential incident to the sewer, such owner cannot years afterwards maintain an action against the city for injuries to his land resulting from the construction and maintenance of the manhole.

Argued March 16, 1910. Appeal, No. 7, March T., 1910, by plaintiff, from judgment of C. P. Dauphin Co., June T., 1908, No. 503, for defendant non obstante veredicto in case of John Yingst v. Harrisburg. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for the construction and maintenance of a manhole of a sewer on plaintiff's premises. Before SHULL, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Verdict for plaintiff for $432. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Paul A. Kunkel,* for appellant, cited: Shaw v. Ry. Co., 79 N. Y. Supp. 915; Stevens v. R. R. Co., 179 N. Y. 601 (72 N. E. Repr. 1151); Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148; Irving v. Media Boro., 10 Pa. Superior Ct. 132.

*Daniel S. Seitz,* city solicitor, for appellee.—Plaintiff was estopped: Pittsburg v. Scott, 1 Pa. 309; Arnold v. Cornman, 50 Pa. 361; Penna. R. R. Co. v. Glenwood, etc., Elec. St. Ry. Co., 184 Pa. 227.

OPINION BY ORLADY, J., July 20, 1910:

The city of Harrisburg enacted an ordinance on January 17, 1902, providing for the construction of a sewer, pursuant to the provisions of sec. 1 of the Act of May 16, 1891, P. L. 75, as amended by the Act of June 12, 1893, P. L. 459.

In May, 1902, this plaintiff and defendant entered into an agreement relating to the construction of this sewer through the premises of the plaintiff, at a depth of seven feet below the surface of the ground, and extending into the Susquehanna river below low-water mark, whereby the defendant in consideration of $150 paid to the plaintiff was to connect therewith all drains and water-closets on the plaintiff's property in the latest, improved, sanitary and hygienic manner. The ordinances provided that the city engineer should make a survey, map, plan, estimate and specifications for the construction of the sewer, which plan shows a manhole in the sewer at the place where it was subsequently placed on the plaintiff's premises. The plaintiff was present during the construction of the sewer through his property, saw the manhole constructed, and never made complaint to any of the city officials until about six years afterwards, when this suit was brought. The court below found as a matter of law that the manhole was an essential incident to the sewer, which fact was conceded on the trial, and it follows that the city had the right to designate its location. The maps, plans and profile, which were either examined by or were accessible to the plaintiff must be considered a part of the agreement in the light of the provisions of the ordinance. There was no complaint of defective construction or improper maintenance. On the trial below, as well as on the argument in this court the principal contention was whether the agreement between the plaintiff and defendant authorized the defendant to take a part of the plaintiff's land for the construction and maintenance of a manhole at the place where it was located. The case was submitted to the jury who returned a verdict of $432 in favor of the

plaintiff. On motion for judgment non obstante veredicto, a judgment was entered in favor of the defendant.

The necessity for the manhole as an integral part of the sewer, and that it was part of the construction contemplated by the agreement between the parties, is apparent from the plans and specifications, which provided for its construction and maintenance in accordance with the terms of the common council ordinance, etc. Having received his consideration for that agreement he cannot again recover for the same cause of action. Furthermore, he consented to this plan of construction without objection or protest, and is now estopped from complaining of its operation: Arnold v. Cornman, 50 Pa. 361; Penna. R. R. Co. v. Elec. St. Ry. Co., 185 Pa. 227; Boyd v. Harris, 176 Pa. 484.

The assignment of error is overruled, and the judgment is affirmed.